UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANNE SPARACINO )
617 Bayshore Drive, #42
Ocean City, Maryland 21842 )

Plaintiff )

v. )

LAWRENCE A. HECKER, Attorney )
Suite 1800
650 College Road East )
Princeton, New Jersey 08540
)
-and-
)
ROAN MICHEL
c/o Law Office of Lawrence A. Hecker )
Suite 1800
650 College Road East )
Princeton, New Jersey 08540
)
-and-
)
THE PNC FINANCIAL SERVICES GROUP, INC.
One PNC Plaza )
249 Fifth Avenue
Pittsburgh, Pennsylvania 15222 )

Serve: James E. Rohr, President )
One PNC Plaza
249 Fifth Avenue )
Pittsburgh, Pennsylvania 15222
)
-and-
)
PNC BANK, N.A.
One PNC Plaza )
249 Fifth Avenue
Pittsburgh, Pennsylvania 15222 )

Serve: James E. Rohr, President )

CASE NO. ____________________

One PNC Plaza )
249 Fifth Avenue )
Pittsburgh, Pennsylvania 15222 )

Defendants )

## COMPLAINT

NOW COMES Plaintiff, JEANNE SPARACINO, by and through her attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and for her causes of action against LAWRENCE A. HECKER, attorney, ROAN MICHEL, THE PNC FINANCIAL SERVICES GROUP, INC., and PNC BANK, N.A. (collectively "Defendants"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action under the **Fair Debt Collection Practices Act,** hereinafter "FDCPA," 15 U.S.C. §1692a, et seq., as well as under the Maryland Wiretapping and Electronic Surveillance Act, Section 10-401, et seq., of the Courts and Judicial Proceedings Article of the Maryland Code.

2. Jurisdiction in this case is founded upon 15 U.S.C. §1692k, which grants the United States District Court jurisdiction to hear this action, without regard to the amount in controversy.

3. This Court also has subject matter jurisdiction over this case based upon 28 U.S.C. §1331 (Federal Question); 28 U.S.C. §1332(a)(1) (Diversity Jurisdiction); and 28 U.S.C. §1367 (Supplemental Jurisdiction).

4. Venue is proper in this Court based on 28 U.S.C. §§1391(b)(1), 1391(b)(2), and 1391(c).

5. Plaintiff Jeanne Sparacino is a legal adult residing in Worcester County,

Maryland.

6. Defendant Lawrence A. Hecker ("Hecker") is a legal adult and an attorney licensed and practicing in the State of New Jersey. Defendant Hecker is a citizen of New Jersey and regularly engages in business activities, specifically, debt collection activities, in the State of Maryland.

7. Defendant The PNC Financial Services Group, Inc. ("PFSG") is a Pennsylvania corporation having its principal place of business in Pennsylvania. PFSG regularly engages in business activities in the State of Maryland.

8. Defendant PNC Bank, N.A. ("PNC Bank") is a Pennsylvania corporation having its principal place of business in Pennsylvania. PNC Bank regularly engages in business activities in the State of Maryland.

9. Hecker, PNC Bank, and PFSG are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

**FACTS COMMON TO ALL COUNTS**

11. Defendant Hecker (or one or more agents or employees of Defendant Hecker) began contacting Plaintiff by telephone in or about September 2005, concerning an alleged debt in the amount of $2,108.00. The alleged debt was described to Plaintiff orally (over the telephone) by Hecker's agent(s) or employee(s) as an "old debt," and she was told by Hecker's agent(s) or employee(s) to send a check immediately for $2,108.00. Plaintiff requested information that would substantiate the alleged debt, but was told to "just send the money."

12. Hecker's agents (identifying themselves as calling on behalf of the Law Office

of Lawrence Hecker) proceeded to repeatedly contact Plaintiff by telephone at her home and demand payment of the alleged debt, seven days a week, with some of the calls coming as late as 9:45 p.m. Plaintiff repeatedly instructed Hecker's personnel to stop calling her, which instruction typically prompted Hecker's personnel to make multiple phone calls, one after the other, in some instances three times per day.

13. During the phone calls, Hecker's personnel were hostile and aggressive, literally screaming at Plaintiff and calling her "a delinquent and negligent consumer."

14. On many occasions during the telephone contacts, Hecker's personnel threatened that they would institute legal proceedings against Plaintiff.

15. The pattern of telephone calls described above continued through November and December 2005, despite Plaintiff's repeated instructions to Hecker's personnel to stop calling her. At no time during the course of the phone contacts did Defendant or his staff ever provide any documentation to Plaintiff of the alleged debt, despite Plaintiff's repeated requests for them to do so.

16. In late December 2005, Hecker sent a letter to Plaintiff entitled "SECOND DEMAND LETTER." *See* Exhibit A. Plaintiff had never received any "first demand letter" from Hecker or any member of his office. This "demand letter" was the first reference made by Hecker and his agents to a specific alleged account, referring in the letter to a PNC Bank account with an unpaid balance of $2,108.00. *See* Exhibit A.

17. Plaintiff did not respond to the aforementioned letter. In early February 2006, Plaintiff received a voice mail telephone message from Hecker's office, instructing her that she "must not disregard the message." Plaintiff did not return the call.

18. In mid to late February 2006, Hecker's office called Plaintiff again on her residence telephone. Plaintiff answered the call, and one of Hecker's agents, identified as Roan Michel, began screaming at Plaintiff that she "needed to send the money." Plaintiff explained to Hecker's agent that she had no intention of sending any money, and that she wanted no further contact from Hecker's office on the matter. Hecker's agent, Roan Michel, then stated to Plaintiff that he was recording the telephone conversation, and that Plaintiff was required to state on the recording whether or not she would pay the debt. Roan Michel stated further that Hecker was "going to place a judgment against" Plaintiff if she did not pay the demanded amount.

19. By letter dated February 24, 2006, Plaintiff's undersigned counsel advised Hecker's office of his representation of Plaintiff, and instructed Hecker's office not to make any further contact with Plaintiff. *See* Exhibit B. Since that communication from counsel, in which Hecker was advised of the possibility of a lawsuit and notified of the conduct by his agents, neither Hecker nor anyone from his office has made any further contact with Plaintiff.

20. At all relevant times, Hecker's agents and employees who made contact with Plaintiff, including Roan Michel, were acting within the course and scope of their employment and/or agency relationship with Hecker, their principal, with Hecker's knowledge and approval, at his instruction, and/or subject at all times to his control and supervision. At all relevant times, Hecker and his personnel were acting in the course and scope of their agency relationship with PNC Bank and/or PFSC, their client(s) and the purported "creditor(s)" of Plaintiff.

21. Defendants' actions, as described above, were committed intentionally and with actual malice toward Plaintiff.

**COUNT I - FAIR DEBT COLLECTION PRACTICES ACT ("FDCPS")**
**(against all Defendants)**

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21, as if fully re-stated herein.

23. Defendant Hecker (personally and through his agents and/or employees) violated 15 U.S.C. §1692d by causing Plaintiff's telephone to ring and engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass her, and in connection with consumer debt collection efforts.

24. Defendant Hecker (personally and through his agents/employees) violated 15 U.S.C. §1692e(11) by neglecting to advise Plaintiff that the Defendant was a collector and that any information obtained could be used for that purpose.

25. Defendants Hecker and Roan Michel violated 15 U.S.C. §1692e(5) by threatening suit, and by threatening to "place a judgment against Plaintiff," neither of which could be legally accomplished by Hecker since he was not licensed to practice law in the State of Maryland, and because the alleged debt was approximately ten (10) years old, and any suit on such alleged debt would therefore be barred by the statute of limitations, as an absolute matter of law.

26. Defendant Hecker further violated 15 U.S.C. §1692e(5) since he had no intention of bringing such legal action against Plaintiff.

27. Defendant Hecker violated 15 U.S.C. §1692c(a) by contacting Plaintiff after 9:00 p.m. without Plaintiff's permission.

28. Defendant Hecker violated 15 U.S.C. §1692c(c) by refusing to cease communications with Plaintiff and by telephoning her repeatedly.

29. Defendant Hecker violated 15 U.S.C. §1692g(a) by failing to send the required

written notice of the debt and Plaintiff's rights within five (5) days after Hecker's office's initial communication with Plaintiff.

30. Defendant Hecker violated 15 U.S.C. §1692g by demanding full payment in the letter of December 19, 2005 "because [she] had ample time to pay [her] creditor," doing so during the debt validation period in a manner that overshadowed the notice of validation rights and would create confusion for a less sophisticated consumer about her rights.

31. Defendants Hecker and Roan Michel violated 15 U.S.C. §1692e(10) by using false representation(s) or deceptive means to collect or attempt to collect a debt.

32. Defendant Hecker violated 15 U.S.C. §1692d(5) by calling Plaintiff back repeatedly or continuously, including after Plaintiff's explicit instruction/request to stop calling, with intent to annoy, abuse, or harass Plaintiff.

33. Defendant Hecker violated 15 U.S.C. §1692d(2) by using language in communications with Plaintiff the natural consequence of which was to abuse and/or harass Plaintiff.

34. Any or all of the foregoing actions of Defendants would have been more than sufficient to overcome the will of the least sophisticated consumer to resist such tactics.

35. As a result of the actions of Defendants, Plaintiff was harassed, terrorized, traumatized, embarrassed and humiliated; and suffered loss of sleep, felt physically sickened, nausea, intense stress and emotional distress, interfering with her ability to concentrate on her job and loss of the enjoyment of her life.

36. As a result of the actions of Defendants, Plaintiffs hired the undersigned counsel.

Counsel has been an attorney in good standing for nearly 12 years, with experience in a variety of trial and appellate matters. As a result, counsel's time is billed in this matter at the reasonable rate of $200.00 per hour.

37. Defendants violated 15 U.S.C. §1692f in that their actions were an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

38. As a result of the above violation(s) of the FDCPS, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPS, and for actual damages, statutory damages, and costs and attorney's fees incurred by Plaintiff in connection with this matter.

WHEREFORE, Plaintiff respectfully prays that judgment in the amount of $200,000.00 be entered against Defendants, jointly and severally, for the following:

1. Actual damages;
2. Statutory damages pursuant to 15 U.S.C. §1692k;
3. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;
4. Punitive damages; and
5. For such other and further relief as may be just and proper.

**COUNT II - MARYLAND WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT**
**(against Hecker and Roan Michel)**

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 38, as if fully re-stated herein.

40. By recording the telephone conversation with Plaintiff on or about February 24, 2006, without Plaintiff's knowledge or consent, Defendants Hecker and Michel willfully and maliciously violated the Maryland Wiretapping and Electronic Surveillance Act, Md. Code, Courts & Judicial Proceedings, §10-402(a).

41. For such willful and malicious statutory violation, Defendants are subject to civil liability for damages and other relief under Md. Code, Courts & Judicial Proceedings, §10-410(a).

WHEREFORE, Plaintiff respectfully prays that judgment in the amount of $200,000.00 be entered against Defendants, jointly and severally, for the following:

1. Actual damages;

2. Statutory damages pursuant to Md. Code, Courts and Judicial Proceedings, §10-410;

3. Costs and reasonable attorney's fees pursuant to Md. Code, Courts and Judicial Proceedings, §10-410(a)(3);

4. Punitive damages; and

5. For such other and further relief as may be just and proper.

AYRES, JENKINS, GORDY & ALMAND, P.A.

By: ______________________________

Bruce F. Bright #27236
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
410-723-1400
*Attorneys for Plaintiff*